Chad R. Fears (Nevada Bar No.: 6970)
**EVANS FEARS & SCHUTTERT LLP**
2300 W. Sahara Avenue, #900
Las Vegas, NV 89102
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: cfears@efstriallaw.com

Jonathan K. Waldrop (*Pro Hac Vice*)
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171
Email: mbarber@kasowitz.com

*Attorneys for Plaintiff Zmodo Technology Corporation Limited*

Michael D. Rounds (Nevada Bar No. 4734)
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email: mrounds@bhfs.com

Gary R. Sorden (*Pro Hac Vice*)
Tim Craddock (*Pro Hac Vice*)
**KLEMCHUCK LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001
Email: gary.sorden@klemchuck.com
Email: tim.craddock@klemchuk.com

*Attorneys for Defendant Eyetalk365, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ZMODO TECHNOLOGY CORPORATION LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>EYETALK365, LLC,<br><br>Defendant. | Case No. 2:18-cv-01527-RCJ-CWH<br><br>**Protective Order** |

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" information or documents may be referred to collectively as "confidential information."

2.    Access to any documents marked "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" shall be limited to:

    a.    The requesting party and counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts to the extent deemed necessary by counsel;

    d.    Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e.    The Court or the jury at trial or as exhibits to motions.

3.    Counsel for any party may designate any documents or information contained in any document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if counsel determines, in good faith, that such designation is necessary to protect the information within the scope of Fed. R. Civ. P. 26(c), including information that relates to, among other things, trade secrets, pending patent applications, research and development or other highly sensitive technical information, or highly-sensitive business-related financial information including abstracts, summaries, or information derived therefrom.

4.    Access to any documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to:

    a.    The Court and its staff;

    b.    Attorneys, their law firms, their employees and agents, and their Outside Vendors;

c.     Persons shown on the face of the document to have authored or received it, any person who has previously seen or was aware of it, and/or the Producing Party or its designated representatives (*e.g.*, a 30(b)(6) witness);

d.     Court reporters retained to transcribe testimony and independent language interpreters used at deposition or hearings;

e.     Other outside persons (*i.e.*, persons not currently employed by any party) who are retained by a party or its Attorneys to provide assistance or to furnish technical or expert services, and/or give testimony in this action who have signed Exhibit A attached hereto; and

f.     Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall sign Exhibit A.

5.     The "RESTRICTED CONFIDENTIAL –  SOURCE CODE" designation is reserved for Source Code, and materials and information that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code.  The following conditions shall govern the production, review and use of Source Code or design documentation information.

6.     All such Source Code, and any other confidential information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," shall be subject to the following provisions:

a.     Source Code shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen based upon the agreement between the parties: (1) the offices of the Producing Party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (*e.g.*, an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties.  Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a

secure, locked room. With the exception of a PC mouse which shall be configured by the Producing Party, the use or possession of any input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing Source Code will be made available for inspection during the hours of 9:00 a.m. to 5:00 p.m. local time at the location of the computer containing Source Code, upon reasonable notice to the Producing Party, which shall not be less than three (3) business days in advance of the requested inspection.

b.  The computer containing the Source Code shall include software utilities, supplied by the Producing Parting, which will allow Receiving Party's outside counsel and/or experts to view, search, and analyze the Source Code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files (both by file name and within the files for all file types contained within the Source Code), (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. Receiving Party's outside counsel and/or experts may request that additional commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The Receiving Party must provide the Producing Party with the CD, thumbdrive, or DVD containing such software tool(s) at least four (4) business days in advance of the inspection but this requirement can be waived by the parties upon agreement. Upon receipt, the Producing Party shall properly configure the software tools.

c.  The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the

4

notes. All notes must be taken on consecutively numbered permanently bound notebooks that are clearly labeled on their cover(s) ("Review Notebooks"). Notes transcribed into the Review Notebooks must be limited to matters concerning this case. The Producing Party shall have the option to provide Review Notebooks to the Receiving Party. Except for Review Notebooks and Source Code pages printed pursuant to Paragraph 6(d) below, no other paper may be brought into the review room. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Except for completing the destruction of the Review Notebooks at the termination of the litigation, no pages shall be removed from the Review Notebooks without written consent from the Producing Party. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

d. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action. In no event may the Receiving Party print more than an aggregate total of more than 500 pages of Source Code during the duration of the case without prior consent of the Providing Party, which shall not be unreasonably withheld. Within five (5) business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material (up to 3 copies) on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

e. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or

1  otherwise duplicated, except in limited excerpts necessary to attach as exhibits to

2  depositions, expert reports, or court filings as discussed below.

3  f.  Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE"

4  shall be stored or viewed only at (1) the offices of outside counsel for the Receiving

5  Party, (2) the offices of outside experts or consultants who have been approved to

6  access Source Code; (3) the site where any deposition is taken (4) the Court; or (5) any

7  intermediate location necessary to transport the information to a hearing, trial or

8  deposition. Any such paper copies shall be maintained at all times in secure location

9  under the direct control of counsel responsible for maintaining the security and

10  confidentiality of the designated materials.

11  g.  A list of names of persons who will view the Source Code will be provided to the

12  Producing Party in conjunction with any written (including email) notice requesting

13  inspection. The Receiving Party shall maintain a daily log of the names of persons

14  who enter the locked room to view the Source Code and when they enter and

15  depart. The Producing Party shall be entitled to have a person observe all entrances

16  and exits from the Source Code viewing room, and to a copy of the log.

17  h.  Unless otherwise agreed in advance by the parties in writing, following each

18  inspection, the Receiving Party's outside counsel and/or experts shall remove all notes,

19  documents, and all other materials from the room that may contain work product and/or

20  attorney-client privileged information. The Producing Party shall not be responsible

21  for any items left in the room following each inspection session.

22  i.  The Receiving Party will not copy, remove, or otherwise transfer any portion of the

23  Source Code from the Source Code Computer including, without limitation, copying,

24  removing, or transferring any portion of the Source Code onto any other computers or

25  peripheral equipment. The Receiving Party will not transmit any portion of the Source

26  Code in any way from the location of the Source Code inspection.

27  j.  The Receiving Party's outside counsel shall maintain a log of all copies of the Source

28  Code (received from a Producing Party) that are delivered by the Receiving Party to

any Qualified person under Paragraph 7 below.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or Qualified person that receives a copy of any portion of the Source Code;

k.  Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead).  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE."

l.  To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED

CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

m. All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

n. The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph 7 below (*e.g.*, Source Code may not be disclosed to in-house counsel).

7. Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

a. Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

b. Up to three (3) outside experts or consultants per party, pre-approved in accordance with Paragraphs 4(e) and 4(f) and specifically identified as eligible to access Source Code;

c. The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

d. While testifying at deposition or trial in this action only: (1) any current or former officer, director or employee of the Producing Party or original source of the information; (2) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (3) any person who authored, previously received (other than in connection with this

litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

8.     Prior to disclosing or displaying to any person information or documents marked "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" counsel shall:

a.     Inform the person of the confidential nature of the information or documents; and

b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9.     In the event that a party receiving confidential information ("Receiving Party") intends to display to and discuss with a person identified in Paragraphs 2(c) and (d) or 4(e) and (f) ("Qualified Person") confidential information disclosed by another party ("Disclosing Party"), the Receiving Party shall first disclose the identity of such Qualified Person to the Disclosing Party.  If the Qualified Person is one identified in Paragraphs 2(c) or 4(e), the Receiving Party shall also provide to the Disclosing Party the Qualified Person's resume.   The Receiving Party shall then have five (5) business days to object to the disclosure of CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL – SOURCE CODE to the Qualified Person. The Parties shall then attempt to resolve the objection by meeting and conferring.  If the parties cannot resolve the objection, the Disclosing Party shall have the obligation of filing a motion with the Court in order to resolve the dispute within three (3) business days of the Parties' meeting.

10.     Information marked in accordance with this Order may be displayed to and discussed with Qualified Persons only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A.  In the event such person

refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

11. Third parties producing documents or Source Code in the course of this action may also designate documents and Source Code as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents and Source Code produced by such third parties shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "RESTRICTED CONFIDENTIAL – SOURCE CODE," respectively, for a period of 7 days from the date of their production, and during that period any party may designate such documents and Source Code as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" pursuant to the terms of the Protective Order.

12. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

13. Any person reviewing RESTRICTED CONFIDENTIAL – SOURCE CODE shall not, for a period commencing upon receipt of such information and ending one (1) year following the conclusion of this case (including any appeals) engage in using the RESTRICTED CONFIDENTIAL – SOURCE CODE in any Prosecution Activity (as defined below).

    a. Prosecution Activity shall mean any activity related to the competitive business decisions involving: (1) the preparation or prosecution (for any person or entity) of new patent applications relating to video doorbells involving new or additional subject matter. Nothing in this paragraph shall prevent any attorney from advising the client in inter partes review, reexamination, reissues, and/or consulting the client in patent prosecution related to video doorbells on information that is publicly known, becomes publicly known, has been claimed previously in other patents having a familial relationship to the Patents-in-Suit, has or becomes disclosed to any third party, or that is not related to the RESTRICTED CONFIDENTIAL – SOURCE CODE. Nothing in

this provision shall prohibit any attorney of record in this litigation from discussing

any aspect of this case that is reasonably necessary for the prosecution or defense of

any claim or counterclaim in this litigation with his/her client.

14.     In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

15.     For the purpose of Paragraphs 2(d) and (e) and 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the court only upon motion and in accordance with applicable law.

16.     At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed.

17.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

Dated: November 14, 2018

**EVANS FEARS & SCHUTTERT LLP**

By: */s/ Chad R. Fears*
    Chad R. Fears (Nevada Bar No.: 6970)
    2300 W. Sahara Avenue, #900
    Las Vegas, Nevada 89102
    Telephone: (702) 805-0290
    Facsimile: (702) 805-0291
    Email: cfears@efstriallaw.com

Jonathan K. Waldrop (*pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171
Email: jwaldrop@kasowitz.com

*Attorneys for Plaintiff Zmodo Technology
Corporation Limited*

**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**

By: */s/ Tim Craddock*
Michael D. Rounds, Esq.
(Nevada Bar No. 4734)
5371 Kietzke Lane
Reno, Nevada 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email: mrounds@bhfs.com

Gary R. Sorden (*Pro Hac Vice*)
Tim Craddock (*Pro Hac Vice*)
**KLEMCHUCK LLP**
8150 n. Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001
Email: gary.sorden@klemchuck.com

*Attorneys for Defendant Eyetalk365, LLC*

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE
December 11, 2018
Dated: _____

12

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Eyetalk365, LLC v. Zmodo Technology Corp. Limited* have been designated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER," "RESTRICTED CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER," "RESTRICTED CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court, and should be treated according to the order.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in any such documents designated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER," "RESTRICTED CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signature

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **[PROPOSED] PROTECTIVE ORDER** was electronically served on counsel of record this 14th day of November, 2018, using the Court's CM/ECF System.

_/s/ Faith B. Radford_
An Employee of Evans Fears & Schuttert LLP
